**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: WALT DISNEY PARKS**
**AND RESORTS LLC AND DISNEY**
**CRUISE LINES**                                    Case No. 6:06-mc-121-Orl-31DAB
_____/

**ORDER**

This cause came on for consideration with oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER (Doc. No. 1)** |
| **FILED:** | **November 13, 2006** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part. | |
| **MOTION:** | **MOTION FOR ADMISSION PRO HAC VICE (Doc. No. 11)** |
| **FILED:** | **January 8, 2007** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

In a suit pending in the Southern District of Indiana[1], Plaintiff International Medical Group, Inc. ("IMG") seeks damages against Defendants Medibroker International, LLC and Medibroker Ltd., and their Chief Executive Officer, Leslie Smith, for breach of contract and their alleged participation

---

[1] Civil Action No. 1:06-cv-0280-DFH-VSS.

in an internet smear campaign against IMG, who sells international health, travel, life and medical insurance plans. Doc. No. 1-2. Smith, purportedly acting on behalf of himself and the corporate Defendants[2], issued a subpoena duces tecum on November 3, 2006, seeking documents from non-party Walt Disney Parks and Resorts, LLC or Inc. or Disney Cruise Line ("Disney"), in Lake Buena Vista, Florida. Doc. No. 1-4. IMG seeks to quash the subpoena arguing that it is procedurally defective and not reasonably calculated to lead to the discovery of admissible evidence in the action. Fed. R. Civ. P. 26(b)(1).

The subpoena was not signed by anyone, much less the Clerk of Court or an attorney acting as an officer of the Court, in violation of Federal Rule of Civil Procedure 45(a)(3)(A). Counsel was unable to confirm at the hearing whether the subpoena had actually been served. Although the subpoena could be quashed on that basis alone, now that counsel has appeared in the Indiana case (*see* Doc. No. 8-2), that defect will presumably be cured.

Smith seeks documents from Disney concerning IMG's business relationship with Disney, certificates of insurance, insurance contracts, amounts paid under the contracts, communications between the two, Florida regulatory agencies, and other cruise lines. IMG contends that such documents regarding conduct in Florida are not reasonably calculated to lead to the discovery of admissible evidence concerning the Defendants' alleged breaches of contract with IMG, defamation and interference with business relationships in Indiana. IMG also contends that the information sought is confidential commercial information of the business relationship between IMG, Disney, and its employees-insureds, which warrant protection. IMG further argues that the documents sought are more readily available from IMG and not one of its largest customers, which smacks of harassment

---

[2]At the time, counsel for the Defendants withdrew from the case effective September 22, 2006. *See* Doc. No. 1-3.

of IMG. In response, Smith contends the documents are relevant to their counterclaim that the contract allegedly breached was invalid because IMG was not authorized to do business in Florida. Counsel represented at the hearing that IMG has filed a motion to stay in Indiana and plans to file a motion to dismiss Defendant's counterclaim.

Federal Rule of Civil Procedure 26(c), which governs protective orders, expressly permits flexibility in cases in which discovery disputes involve multiple courts. *United States v. Star Scientific, Inc.,* 205 F.Supp.2d 482, 485 (D. Md. 2002). It provides that "the court in which the action is pending" may rule on a protective order, unless a deposition is involved, in which case the protective order may be sought in the district of the ancillary proceeding. FED. R. CIV. P. 26(c). The discovery rules expressly recognize the importance of the court deciding the main action deciding questions relating to the scope of discovery being conducted elsewhere. *Star Scientific, Inc.,* 205 F.Supp.2d at 485. "The court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending." FED. R. CIV. P. 26(c), Advisory Committee Notes, 1970 Amendment, Subdivision (c).

IMG's arguments concerning relevancy and harassment of Smith's subpoena to Disney are more properly considered via a motion seeking a protective order in the underlying litigation. "Courts with jurisdiction over ancillary or discovery matters should be cautious in determining what is relevant evidence to the main action, this is because of their unfamiliarity with the main action." *Heat and Control, Inc. v. Hester Industries, Inc.,* 785 F.2d 1017, 1024 (Fed. Cir. 1986). In this case, it is more appropriate for the Southern District of Indiana court, considering the merits in the main case, to decide the relevance of the documents sought from Disney.

Accordingly, the requested relief is granted in part as follows. No further response to the subpoena(s) (assuming they have been properly served) is required, pending further Order of this Court or the Court in Indiana. Either party may move for additional relief as future circumstances dictate. In the meantime the Clerk is directed to close this file administratively.

**DONE** and **ORDERED** in Orlando, Florida on January 10, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

**Counsel of Record**

**PLEASE NOTE**: **Photo identification** is required to enter the United States Courthouse. Also, **cellular telephones** and **laptop computers** are prohibited in the Courthouse unless otherwise allowed pursuant to order of the Court.